UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ETTORE MAZZEI,

*Plaintiff,*

– against –

NICOLE BREVECKI, JORDAN JODRE,
JODRE BREVECKI LLP, DAWEL
KOLTUNOWICZ, and MAGDALENA SKIBA,

*Defendants.*

**MEMORANDUM & ORDER**
26-cv-01671 (NCM) (PCG)

---

**NATASHA C. MERLE**, United States District Judge:

On March 20, 2026, pro se plaintiff Ettore Mazzei filed a complaint against defendants Nicole Brenecki, Jordan Jodre, Jodre Brenecki LLP, Dawel Koltunowicz, and Magdalena Skiba alleging violations of federal and state law.[1] *See* Compl. ¶ 1, ECF No. 1. Plaintiff contemporaneously filed a motion to proceed in forma pauperis ("IFP"). *See* Mot. for Leave to Proceed IFP 1, ECF No. 2.[2] Plaintiff's request to proceed IFP pursuant to 28 U.S.C. § 1915 is granted solely for the purposes of this Order. For the reasons discussed below, the Court dismisses plaintiff's complaint without prejudice and grants plaintiff leave to file an amended complaint within thirty (30) days.

---

[1]    The Court notes that, although the names of defendants Brenecki and Jodre Brenecki LLP are listed in the case caption of the docket as Brevecki and Jodre Brevecki LLP, respectively, these parties are referred to using the correct spelling of their names.

[2]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

## BACKGROUND

In May 2022, Brenecki and Koltunowicz solicited a loan from plaintiff "secured against [Koltunowicz's] personal injury . . . lawsuit" in state court. Compl. ¶ 2. After some negotiation between the parties, Brenecki drafted a loan agreement. Compl. ¶ 2. Over the next year, Brenecki and Koltunowicz requested additional funds from plaintiff. Compl. ¶ 3. Meetings to discuss the loan were held at Brenecki's law firm, Jodre Brenecki LLP, with Brenecki's law firm partner, Jodre, present. Compl. ¶ 3. Koltunowicz's wife, Skiba, was included on communications regarding the loan agreement and the subsequent affairs between the parties. Compl. ¶ 3.

In September 2023, plaintiff was informed about "details of settlement" in Koltunowicz's personal injury lawsuit. Compl. ¶ 4. Plaintiff did not receive payment despite his repeated attempts to collect on the loan. Compl. ¶ 4. However, two other entities that separately loaned money to Koltunowicz were paid. Compl. ¶ 8.

In October 2024, plaintiff filed suit in Supreme Court, Kings County against defendants for damages attendant to defendants' breach of the loan agreement. Compl. ¶ 5. In March 2026, plaintiff commenced the instant suit alleging violations of the Civil Rights Act, certain federal criminal statutes, and New York State law, stemming from the same facts as the state court action. Compl. ¶ 1.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[3]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When the Court reviews a pro se complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally").

Pursuant to the in forma pauperis statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff raises claims pursuant to Sections 1981, 1985, and 1986 of the Civil Rights Act. Plaintiff asserts that he is "part of a protected class: senior, Sicilian, pro se, incarcerated and IFP" and "has the right to enforce this contract as per 42 U.S.C. § 1981." Compl. ¶ 9. He asserts claims of discrimination under 42 U.S.C. § 1985 and § 1986 alleging that he was treated differently than the loan companies that were paid. Compl. ¶ 9. He further alleges "[d]efendants committed fraud in connection with and using computers and electronic mail" in violation of federal criminal laws 18 U.S.C. § 1030 and 18 U.S.C. § 1037. Compl. ¶ 10. He seeks $450,000 in damages. Compl. 10.

## I.    42 U.S.C. § 1981

Section 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). "In order to establish a claim based on [Section 1981], the plaintiff must show . . . that the defendant discriminated against him on the basis of race, that that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions." *Tolbert v. Queens College*, 242 F.3d 58, 69 (2d Cir. 2001). "The prohibition against racial discrimination encompasses discrimination based on ancestry or ethnic characteristics." *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998); *see Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist.*, 702 F. Supp. 2d 122, 130 (E.D.N.Y. 2010) ("Section[] 1981 . . . [was] enacted to protect individuals against discrimination based on ethnic origin, race, or ancestry."). But, "Section 1981 does not prohibit discrimination on the basis of gender or religion, national origin, or age." *Conboy*, 156 F.3d at 170. In this case, plaintiff claims that he is "part of a protected class" based on his age, identity as a Sicilian, pro se and IFP statuses, and incarceration. Compl. ¶ 9. However, Section 1981 does not protect against discrimination based upon plaintiff's alleged protected characteristics aside from his Sicilian ancestry. And while Section 1981's prohibition on racial discrimination in contracting encompasses ancestry, which plaintiff alleges is Sicilian, the complaint fails to allege that defendants intentionally discriminated against plaintiff because of his ancestry. Indeed, the complaint fails to even allege that he was unable to "make or enforce" the loan agreement because of defendants' intent to discriminate against him. Accordingly, plaintiff's 42 U.S.C. § 1981 claim is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4

## II.     42 U.S.C §§ 1985 and 1986

Next, 42 U.S.C. § 1985(3) addresses conspiracies to interfere with an individual's constitutional rights and may include conspiracies that involve private parties.[4] In relevant part, Section 1985 requires the alleged conspiracy "be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). In order to state a claim, a plaintiff must allege: "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Abadi v. Greyhound Lines, Inc.*, No. 23-cv-07645, 2024 WL 5155601, at *6 (S.D.N.Y. Dec. 18, 2024) (quoting *Gray v. Town of Darien*, 927 F.2d 69, 73 (2d Cir. 1991)).

Here, plaintiff's allegations of conspiracy are conclusory and vague, stating only that "[d]efendants conspired to injure, oppress[], threaten[,] and intimidate[] him to lend [Koltunowicz's] monies." Compl. ¶ 8. Plaintiff alleges he loaned money to Koltunowicz pursuant to an agreement drafted by Brenecki and secured against Koltunowicz's personal injury lawsuit. Compl. ¶ 2. He alleges that all defendants "had knowledge [that Koltunowicz] took other loans against [the personal injury] lawsuit." Compl. ¶ 8. Koltunowicz's personal injury lawsuit eventually settled, and despite plaintiff's attempts, plaintiff's loan was not paid. Compl. ¶ 4. Plaintiff alleges defendants conspired to not

---

4       Since plaintiff does not allege that he was prevented from holding office or discharging official duties or that any party or witness was prevented from participating in judicial proceedings, the Court does not construe him to be raising a claim under Section 1985(1) or Section 1985(2), respectively.

repay his loan while repaying the two other loans. Compl. ¶ 9. However, plaintiff's allegations do not provide factual support that defendants conspired to deprive him of his constitutional rights. At most, read liberally, plaintiff has alleged that defendants were either party to, negotiated, or aware of the loan, that all defendants were aware Koltunowicz had two other loans, and that all defendants were aware that plaintiff's loan was not repaid while the other two were paid. This is inadequate to support a reasonable inference that defendants conspired to deprive plaintiff of his rights based on discriminatory animus.

Plaintiff thus fails to plausibly allege a conspiracy claim under Section 1985. Accordingly, this claim is dismissed.

Section 1986 imposes civil liability on an individual who has knowledge of wrongs prohibited under Section 1985 and fails to prevent such violation. 42 U.S.C. § 1986. However, the statute requires a plaintiff to first identify a violation of Section 1985. *Reynolds v. Barrett*, 685 F.3d 193, 201–02 (2d Cir. 2012) (explaining that because a Section 1986 claim is predicated on a valid Section 1985 claim, the Section 1986 claim also requires proof of discriminatory racial animus). Because plaintiff has failed to state a claim under Section 1985, his claim under 42 U.S.C. § 1986 must also be dismissed.

### III.    18 U.S.C. § 1030

Plaintiff next alleges that defendants violated 18 U.S.C. § 1030, a provision of the United States Criminal Code that makes it unlawful to "knowingly access[] a computer without authorization or exceeding authorization" and thereafter engage in a prohibited act set forth in the statute. *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 511 (S.D.N.Y. 2015). Private individuals may bring suit under 18 U.S.C. § 1030 provided the violation of a "protected computer without authorization . . . caused damage and loss

6

. . . during any 1-year period" aggregating in "at least $5,000 in value." *Jones v. Abel*, No. 25-cv-00779, 2025 WL 2821370, at *5 (E.D.N.Y. Oct. 3, 2025). A protected computer is defined as a computer "used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(a)(2)(B).

Here, plaintiff does not allege any facts from which the Court can reasonably infer that a protected computer was accessed and used in or affected interstate commerce. Plaintiff's allegation that defendants created the loan agreement by accessing a computer does not support that the computer was a protected computer as defined by the statute. Nor do plaintiff's allegations indicate that defendants' use of a computer to produce the loan agreement was "without authorization or exceed[ed] authorization." 18 U.S.C. § 1030(a). Accordingly, plaintiff's cause of action under 18 U.S.C. § 1030 is dismissed.

## IV.    8 U.S.C. § 1037

Plaintiff asserts a claim under 18 U.S.C. § 1037, which makes it unlawful to affect interstate commerce by sending large quantities of deceptive emails. 18 U.S.C. § 1037. However, there is no private right of action under 18 U.S.C. § 1037. *See Hensley v. Nike, Inc.*, No. 20-cv-00791, 2021 WL 4956851, at *4 (D. Or. Sept. 17, 2021) (recommending dismissal of claims under 18 U.S.C. § 1037 where, even if plaintiff had alleged a violation involving "dishonest 'spam,'" such claims would be a matter for the United States Attorney, not for plaintiff), *report and recommendation adopted as modified*, 2021 WL 4953229 (D. Or. Oct. 20, 2021), *aff'd sub nom. Hensley v. Nike*, No. 21-35963, 2023 WL 3034817 (9th Cir. Apr. 21, 2023); *Birchfield v. Compass Health Network*, No. 24-cv-01575, 2025 WL 2467710, at *7 (E.D. Mo. Aug. 27, 2025) (same); *Keitel v. Heller*, No. 24-cv-00613, 2024 WL 5378921, at *4 (M.D. Fla. Dec. 17, 2024), *report and*

*recommendation adopted*, No. 24-cv-00613, 2025 WL 310429 (M.D. Fla. Jan. 28, 2025) (same). Accordingly, plaintiff's claim under 18 U.S.C. § 1037 is dismissed.

## V.    State Law Claims

Plaintiff also brings state law claims, though he fails to enumerate any causes of action under New York State law. Compl. ¶ 1. Since plaintiff's federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over the purported state claims. *See* 28 U.S.C. § 1367(c); *see Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (summary order) ("[W]here all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims."). The Court also finds no diversity jurisdiction present since plaintiff has not pled and likely could not plead a diversity of citizenship between him and defendants. *See* Compl. 1–3. The Court thus lacks subject matter jurisdiction for the state claims and dismisses them. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

For the foregoing reasons, all of plaintiff's claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file an amended complaint within thirty (30) days. If plaintiff does not file an amended complaint within thirty (30) days, the case will be dismissed.

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:       June 12, 2026
             Brooklyn, New York