UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ETTORE MAZZEI,

*Plaintiff*,

– against –

NICOLE BREVECKI, JORDAN JODRE, JODRE BREVECKI LLP, PAWEL KOLTUNOWICZ, and MAGDALENA SKIBA,

*Defendants*.

**MEMORANDUM & ORDER**
26-cv-01671 (NCM) (PCG)

**NATASHA C. MERLE**, United States District Judge:

Pro se plaintiff Ettore Mazzei initiated this action on March 20, 2026, alleging defendants Nicole Brenecki, Jordan Jodre, Jodre Brenecki LLP, Pawel Koltunowicz, and Magdalena Skiba violated federal and state law.[1] Compl., ECF 1. By Memorandum and Order dated June 12, 2026, the Court granted plaintiff's request to proceed in forma pauperis and dismissed the complaint for failure to state a claim.[2] Memorandum & Order ("M&O") 8, ECF No. 5. Plaintiff was granted leave to file an amended complaint to cure the deficiencies identified by the Court. M&O 8. Plaintiff timely amended his complaint to allege numerous causes of action arising under federal law, federal common law, and

[1] The Court notes that, although the names of defendants Brenecki and Jodre Brenecki LLP are listed in the case caption of the docket as Brevecki and Jodre Brevecki LLP, respectively, these parties are referred to throughout using the correct spelling of their names.

[2] The Court also declined to exercise supplemental jurisdiction over plaintiff's state law claims because the Court dismissed all other claims over which it had original jurisdiction.

New York State law. *See generally* Amend. Compl. ("AC"), ECF No. 6. For the reasons discussed below, plaintiff's Amended Complaint is **DISMISSED**.

## BACKGROUND

Plaintiff's suit arises from the nonpayment of a loan agreement between himself and Koltunowicz. AC 5.[3] Plaintiff advanced a loan to Koltunowicz and secured the loan against the proceeds of Koltunowicz's personal injury settlement in state court. AC 5. Brenecki and Jodre of the law firm Jodre Brenecki, LLP (collectively, "the law firm defendants") negotiated the loan over the course of multiple meetings and drafted the loan agreement. AC 5, 7. Koltunowicz's wife, Skiba, joined the meetings by phone.[4] AC 5.

Prior to bringing the instant action, plaintiff commenced suit in the Supreme Court of New York, in Kings County against defendants Brenecki, Jodre, Jodre Brenecki LLP, and Koltunowicz on April 24, 2025. *See* Summ. & Compl., *Mazzei Brenecki*, Index No. 1021/2024 (Sup. Ct. filed Apr. 24, 2025). Plaintiff's state court suit was based on the same facts as the instant action. *See id.* On January 20, 2026, the Supreme Court of Kings County denied plaintiff's motion for summary judgment and granted defendants' cross-motion to dismiss for lack of jurisdiction on the grounds that plaintiff failed to serve the summons and complaint on defendants. AC 7; *see* Decision & Ord. 1–2, *Mazzei Brenecki*, Index No. 1021/2024 (Sup. Ct. filed Apr. 24, 2026).

On June 12, 2026, this Court dismissed the case for failure to state a claim for relief and granted leave to file an amended complaint to cure the pleading deficiencies. M&O 8.

---

3 Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

4 The Court otherwise presumes familiarity with the facts underlying this action.

On July 7, 2026, plaintiff timely filed an amended complaint asserting claims under federal statute, federal common law, and New York state law.

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[5] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When the Court reviews a pro se complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally"). This mandate "applies with particular force when a plaintiff's civil rights are at issue." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009). However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.*

Pursuant to the in forma pauperis statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim

---

5 Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff's Amended Complaint invokes the Court's federal question jurisdiction and supplemental jurisdiction to assert 21 claims arising under: Sections 1981, 1985, and 1986 of the Civil Rights Act; federal common law fraud; federal common law civil conspiracy; federal common law aiding and abetting; federal common law unjust enrichment; Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*; Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5531, 5536; N.Y. Judiciary Law § 487; legal malpractice; tortious interference; breach of contract; violation of the Uniform Commercial Code ("UCC") or the Uniform Consumer Credit Code ("UCCC"); breach of fiduciary duties; statutes of fraud; imposition of constructive trust; public interest impact; unfair or deceptive abusive acts or practice ("UDAAP"), and embezzlement. AC 21–22. Plaintiff seeks $600,000 in damages including punitive, special, and treble damages. AC 5.

**I. 42 U.S.C. § 1981**

Section 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). "In order to establish a claim based on [Section 1981], the plaintiff must show . . . that the defendant discriminated against him on the basis of race, that that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions." *Tolbert v. Queens College*, 242 F.3d 58, 69 (2d Cir. 2001); *see Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) (explaining Section 1981 protects ancestral and ethnic characteristics

but not discrimination on the basis of gender, religion, national origin, or age). At the motion to dismiss stage, a plaintiff must "specifically allege the circumstances giving rise to a plausible inference of racially discriminatory intent." *Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) (summary order).

The Court's previous Memorandum and Order dismissed plaintiff's Section 1981 claim because, although plaintiff alleged his Sicilian ancestry, plaintiff failed to allege that defendants intentionally discriminated against him because of his Sicilian ancestry and that that discrimination prevented him from making or enforcing the loan agreement. M&O 4. Plaintiff's amended pleading suffers from the same deficiency. Plaintiff alleges that defendants were motived by "an intent to discriminate against him based on defendants being Polish and [plaintiff] being Italian specifically Sicilian." AC 11. And, Koltunowicz used derogatory language directed at plaintiff's ancestry. AC 11. These allegations do not sufficiently link defendants' discriminatory animus to defendants' refusal to honor their obligations under the loan agreement, nor does it show that discrimination underlie defendants' decision to deny plaintiff the opportunity to enforce the loan agreement.

Plaintiff's complaint contains broad conclusory assertions that "without question . . . defendants discriminated against [plaintiff] on the basis of his Italian race" and "the discrimination was certainly a motivating factor for their actions," but no facts to support that discriminatory animus led to defendants' conduct.[6] Nor does the complaint contain

[6] The Amended Complaint includes a single allegation of offensive and derogatory language about plaintiff's Sicilian ancestry. "[T]he law in this Circuit is well-settled that a single instance of allegedly discriminatory conduct, unless extraordinarily severe, generally cannot sustain a claim" under Section 1981. *Love v. Premier Util. Serv., LLC*, 186 F. Supp. 3d 248, 256 (S.D.N.Y. 2023). *See, e.g.*, *Evans v. Columbia Univ. of the City of N.Y.*, No. 14-cv-02658, 2015 WL 1730097, at *6 (S.D.N.Y. Apr. 13, 2015) (denying

allegations of each defendant's "personal involvement" in or "affirmative link" to the alleged violation. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000). Accordingly, plaintiff's claim under Section 1981 is dismissed for failure to plausibly allege a basis for relief.

**II. 42 U.S.C §§ 1985 and 1986**

Next, 42 U.S.C. § 1985(3) prohibits conspiracies to interfere with an individual's constitutional rights based on racial or otherwise class-based invidious discrimination. *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). In order to state a claim, a plaintiff must allege: "[(1)] a conspiracy; [(2)] for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and [(3)] an act in furtherance of the conspiracy; [(4)] whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Abadi v. Greyhound Lines, Inc.*, No. 23-cv-07645, 2024 WL 5155601, at *6 (S.D.N.Y. Dec. 18, 2024) (quoting *Gray v. Town of Darien*, 927 F.2d 69, 73 (2d Cir. 1991)).

Here, plaintiff's allegations that defendants met with him at the offices of Jodre Brenecki, LLP, encouraged him to loan money to Koltunowicz, provided assurances that plaintiff's loan will be repaid with interest from the millions of dollars of proceeds from Koltunowicz's personal injury lawsuit settlement, and agreed to notify plaintiff once a settlement was reached, does not sufficiently allege defendants conspired to interfere with

motion to dismiss Section 1981 claim based on alleged racially motivated termination from university). While direct evidence of discriminatory intent is not necessary to make out a Section 1981 claim, plaintiff's single allegation related to his ancestry is inadequate to support the reasonable inference that the conduct was "extraordinarily severe." *Love*, 186 F. Supp. 3d at 256.

his constitutional rights. *See* AC 8–9. Assuming plaintiff could plausibly allege a conspiracy existed between all defendants, plaintiff's claim fails to expressly allege a protected right he could not access but for defendants' wrongful acts. To the extent plaintiff's gripe is with defendants' alleged enterprise to encourage plaintiff to lend Koltuniwocz money and refuse to repay the loan—in other words, the deprivation of his right to make and enforce a contract free of racial discrimination under Section 1981—this argument fails as a matter of law. "[A]n alleged violation of § 1981 cannot form the basis of a conspiracy under § 1985(3)." *Abdi v. Brookhaven Science Assocs., LLC*, 447 F. Supp. 2d 221, 227 (E.D.N.Y. 2006); *see Allen v. County of Nassau*, No. 09-cv-01520, 2013 WL 6795732, at *3 (E.D.N.Y. Dec. 23, 2013) (same). Accordingly, plaintiff's claim under Section 1985 is dismissed.

Section 1986 imposes civil liability on an individual who has knowledge of wrongs prohibited under Section 1985 and fails to prevent such violation. 42 U.S.C. § 1986. However, "no such claim lies unless there is a viable conspiracy claim under § 1985." *Abdi*, 447 F. Supp. 2d at 227; *see Reynolds v. Barrett*, 685 F.3d 193, 201–02 (2d Cir. 2012) (explaining that because a Section 1986 claim is predicated on a valid Section 1985 claim, the Section 1986 claim also requires proof of discriminatory racial animus). Because plaintiff has failed to state a claim under Section 1985, his claim under Section 1986 must also be dismissed.

**III. TILA, 15 U.S.C. § 1601 *et seq.***

Plaintiff alleges the "law firm defendants" solicited the loan and drafted the agreement, and as "loan brokers," failed to "disclose all of the terms" of the loan agreement in violation of the TILA, 15 U.S.C. § 1601 *et seq*. AC 10. The TILA "impos[es] mandatory disclosure requirements on those who extend credit to consumers." *Strubel v.*

*Comenity Bank*, 842 F.3d 181, 186 (2d Cir. 2016). The "TILA grants [consumers] a private right of action against creditors who fail to make the statutorily required disclosures." *Taub v. World Fin. Network Bank*, 950 F. Supp. 2d 698, 701 (S.D.N.Y. 2013).

A consumer is "the party to whom credit is offered or extended," and a creditor regularly extends consumer credit and is "the person to whom the debt is payable." *Barker v. Rokosz*, 740 F. Supp. 3d 187, 200 (E.D.N.Y. 2024) (quoting 15 U.S.C §§ 1601(g), (i)). "A consumer credit transaction is a transaction where 'the party to whom credit is offered or extended is a natural person' and 'the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.'" *Id.* at 192 (quoting 15 U.S.C. § 1602(i)). It belies the facts here to construe the loan agreement as a "consumer credit transaction." *Id.* Plaintiff is not a consumer who was extended credit for "personal, family, or household purposes"; rather, plaintiff advanced funds to Koltunowicz. AC 5. The law firm defendants cannot be construed as creditors because they are not alleged to regularly extend credit, nor are the law firm defendants owed the debt at issue. Further, negotiating the loan on behalf of Koltunowicz does not transform the law firm defendants into creditors. Accordingly, the TILA is inapplicable to the facts here, and plaintiff's 15 U.S.C. § 1601 claim is dismissed.

### IV. SCA, 18 U.S.C. § 2701 *et seq.*

Plaintiff next alleges defendants violated the SCA, 18 U.S.C. § 2701 *et seq.*, by accessing plaintiff's computer and cell phone to obtain plaintiff's financial details and emails, and then used this information to solicit additional funds from plaintiff. AC 8. The SCA provides criminal penalties for whoever "[(1)(a)] intentionally accesses without authorization a facility through which an electronic communication service is provided, or [(b)] intentionally exceeds an authorization to access that facility; and [(2)] thereby

obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system[.]" 18 U.S.C. § 2701(a). Any "person aggrieved by any violation of [the SCA]" may bring a civil action against the "person or entity" that engaged in such violation. 18 U.S.C. § 2707(a). "Thus, a person violates the SCA if [he] accesses an electronic communication service, or obtains an electronic communication while it is still in electronic storage, without authorization." *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 555–56 (S.D.N.Y. 2008) (stating that accessing an account on Microsoft's Hotmail system without authorization to obtain another party's emails "while they were in storage" "would be a violation of the SCA"). The SCA defines "electronic storage" as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof," or "any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17)(A), (B); *see In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 512 (S.D.N.Y. 2001) (finding that communications in "electronic storage" are those temporarily stored by electronic communication services incident to their transmission, "for example, when an e-mail service stores a message until the addressee downloads it"); *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 232 (2d Cir. 2020) (determining that once emails were downloaded onto a computer the emails "were not in electronic storage within the meaning of the SCA").

Plaintiff alleges that Koltunowicz was his former tenant and friend and spent much time in plaintiff's home and business. AC 18. Koltunowicz is alleged to have accessed plaintiff's computer and phone to obtain plaintiff's banking information, credit card details, and emails and to check plaintiff's credit score. AC 18. Koltunowicz shared this

information with the law firm defendants, and defendants used this intelligence to solicit additional money from plaintiff. AC 18. And, Koltunowicz and Skiba received kickbacks on this loan. AC 18.

Here, plaintiff has not adequately pled an SCA violation. First, plaintiff's allegation that Koltunowicz accessed plaintiff's "banking information, credit card information, . . . emails[,] and . . . credit [information]" fails to allege the information was in "electronic storage" as required by the statute. 18 U.S.C. § 2701(a). Plaintiff alleges that the information and emails were on his computer and cell phone, "[b]ut information that an individual stores on his hard drive or cell phone is not in electronic storage under the statute." *Jones v. Abel*, No. 25-cv-00779, 2025 WL 2821370, at *6 (S.D.N.Y. Oct. 3, 2025); *compare id.*, *with Obeid ex rel. Gemini Real Est. Advisors LLC v. La Mack*, 2017 WL 1215753, at *9 (S.D.N.Y. Mar. 31, 2017) ("emails stored on an electronic communication service provider's systems after it has been delivered, as opposed to emails stored on a personal computer, are stored communications subject to the SCA."); *see Cohen v. Casper Sleep Inc.*, No. 17-cv-09325, 2018 WL 3392877, at *5 (S.D.N.Y. July 12, 2018) ("communications stored on personal devices are not held in electronic storage"); *see also Obeid on behalf of Gemini Real Estate Advisors LLC v. La Mack*, No. 14-cv-06498, 2017 WL 1215753, at *9 (S.D.N.Y. Mar. 31, 2017) (reaffirming that the stored communications subject to the SCA are emails stored on an electronic communication service provider's systems, not those stored on a personal computer).

Further, plaintiff fails to allege that Koltunowicz's use of plaintiff's devices was "without authorization" as required by the SCA. 18 U.S.C. §2701(a). And, even assuming Koltunowicz accessed plaintiff's devices without authorization, plaintiff's allegation that

Koltunowicz indeed accessed plaintiff's computer and cell phone without authorization are conclusory and fails to go beyond mere conjecture.

Plaintiff's allegation that some money loaned to Koltunowicz was in the form of credit card purchases, cash apps, and other digital payments does not move the needle. Plaintiff presumably attempts to analogize these electronic payment methods with electronic communication services. However, plaintiff makes no allegation that defendants accessed these electronic payment methods and did so without authorization. *William Gottlieb Mgmt. Co., LLC v. Carlin*, No. 20-cv-08907, 2025 WL 3628151, at *6 (S.D.N.Y. Dec. 15, 2025) ("[T]he Supreme Court . . . stated that the 'without authorization' clause . . . refers to whether "one either can or cannot access a computer system," and the "exceeds authorization" clause refers to whether "one either can or cannot access certain areas within the system."). Rather, plaintiff alleges *he* accessed his own payment methods, which undoubtedly was with authorization, to loan money Koltunowicz. Accordingly, plaintiff's SCA claim is dismissed for failure to state a claim.

**V. CFPA, 12 U.S.C. §§ 5531, 5536**

Plaintiff next asserts that Brenecki and Jodre engaged in unfair, deceptive, and abusive acts in violation of Section 5536 of the CFPA. Plaintiff alleges that the attorneys, while acting as covered persons "offered a financial service not in conformity with Federal consumer financial law." AC 19. However, there is "no private cause of action . . . under the CFPA." *Lewis v. Experian Info. Sols., Inc.*, No. 23-cv-00857, 2024 WL 1308705, at *10 (E.D.N.Y. Mar. 27, 2024) (listing cases); *see Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 787 (2d Cir. 2019) (summary order) (same); *Nguyen v. Ridgewood Sav. Bank*, Nos. 14-cv-01058, 14-cv-03464, 14-cv-03989, 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) ("Plaintiffs provide no statutory basis, and the Court can find none, for

finding a private right of action under these provisions of the statute, which outlines duties, authorities and enforcement powers of the [Consumer Financial Protection Bureau].”). Actions under the CFPA may be commenced by the Consumer Financial Protection Bureau, the state attorney general, and state regulators. 15 U.S.C. § 5531; *see* 15 U.S.C. § 5552. Plaintiff, not falling into any of these three categories, may not take action under the CFPA. Accordingly, this claim is dismissed.

## VI. Federal Common Law Claims

Plaintiff next asserts claims under federal common law for fraud, aiding and abetting, unjust enrichment, and civil conspiracy. AC 17. As an initial matter, there is no “federal general common law.” *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Instead, “federal common law exists in only the ‘few and restricted’ enclaves, where the federal court is ‘compelled to consider federal questions that cannot be answered from federal statutes alone.’” *City of New York v. Chevron Co.*, 993 F.3d 81, 89 (2d Cir. 2021) (first quoting *Wheeldin v. Wheeler*, 373 U.S. 647, 651 (1963); and then quoting *City of Milwaukee v. Illinois*, 451 U.S. 304, 314 (1981)). Absent congressional authorization to develop substantive law, the development of federal common law becomes necessary when the “operation of state law would . . . significantly conflict with . . . uniquely federal interests.” *Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140–41 (2d Cir. 2005) (dismissing federal common law contract claim for lack of subject matter jurisdiction and finding no conflict between state contract law and federal interests); *see Republic of Iraq v. ABB AG*, 920 F. Supp. 2d 517, 551 (S.D.N.Y. 2013) (declining to exercise supplemental jurisdiction over federal common law claims for fraud, breach of contract, and aiding and abetting breach of fiduciary duty as an independent basis for jurisdiction did not exist). *But see also Chevron Co.*, 993 F.3d at 90 (finding plaintiff’s

claims which implicate conflicting rights of states and international relations must be brought under federal common law).

Here, the Court does not find that the operation of state law under the facts in this case would significantly conflict with federal interests or that uniquely federal interests are implicated by plaintiff's claims for fraud, aiding and abetting, unjust enrichment, and civil conspiracy. The Court thus declines to find independent federal common law claims. Rather, the claims may be brought under New York law.

**VII. State Law Claims**

While New York common law may provide causes of action for fraud, aiding and abetting, unjust enrichment, and civil conspiracy, the Court declines to exercise supplemental jurisdiction over these claims and plaintiff's other state law claims. *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 286 F. Supp. 3d 634, 651 (S.D.N.Y. Dec. 29, 2017) (declining to exercise supplemental jurisdiction over remaining common law claims after dismissing sole federal law claim); *see also Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (summary order) ("[W]here all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims.").

The Court also finds no diversity jurisdiction since plaintiff has not pled and likely could not plead a diversity of citizenship between him and defendants. *See* AC 1–3; *see Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) ("While the Court may in its discretion exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, it cannot exercise supplemental jurisdiction unless there is first a proper basis for original

jurisdiction."). The Court thus lacks subject matter jurisdiction over plaintiff's state law claims and dismisses them. *See* Fed. R. Civ. P. 12(h)(3).

* * *

Where a district court has given a pro se plaintiff at least one opportunity to amend and concludes following amendment that the plaintiff has given "no indication that a valid claim might be stated," further amendment should be denied. *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022). Here, the Court granted plaintiff the opportunity to amend, and the Amended Complaint similarly failed to state claims for relief, with a majority of the claims failing as a matter of law. Accordingly, the Court determines that further amendment would be futile, and the Amended Complaint must be dismissed with prejudice. *See Curmen v. United States Gov't*, No. 18-cv-01546, 2018 WL 2324060, at *3 (E.D.N.Y. May 22, 2018).

**CONCLUSION**

For the foregoing reasons, all of plaintiff's claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, to serve a copy of this order and the judgment on plaintiff at the address of record, to note service on the docket, and to close the case.

**SO ORDERED.**

/s/*Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 3, 2026
Brooklyn, New York